## Mine Inspector Oaths

LEON EHRLICH, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, July 10, 1958.—You have requested an opinion concerning the authority of a bituminous mine inspector to administer oaths and whether that authority is restricted to a case where he is investigating a fatal accident.

The authority to administer oaths by a mine inspector investigating a fatal accident is found in the Act of June 9, 1911, P. L. 756, art. XXVII, sec. 3, 52 PS §1357:

"It shall be the duty of the inspector, upon being notified of any fatal accident as hereinbefore provided, to proceed in person as soon as practicable to the scene of the accident . . . the said inspector shall proceed to investigate and ascertain the cause of the accident, and make a record thereof . . . and to enable him to

make the investigation, he shall have power to compel the attendance of persons to testify, and also to administer oaths or affirmations . . ."

There is a grant of power regarding the administering of oaths in The Administrative Code of April 9, 1929, P. L. 177, sec. 517, as amended, 71 PS §197, as follows:

"The head of every administrative department, all deputy heads of administrative departments, every member of an independent administrative or departmental administrative board or commission, the Commissioner of the Pennsylvania State Police, every workmen's compensation referee, and such officers or employees of the several administrative departments, boards, or commissions, as the heads of such departments or such boards or commissions shall designate, shall have the power to administer oaths or affirmations anywhere in this Commonwealth, with regard to any matter or thing which may properly come before such department, board, commission, commissioner or referee, or any member of a board or commission, as the case may be."

The authority to administer oaths is an important and powerful device, for looming behind that power is the possibility of prosecution for perjury in the making of false statements. Though the wording of the quoted section of The Administrative Code seems broad, it is restricted to matters ". . . which may properly come before such department . . .". What may "properly come before your department" and may require the administering of oaths involves a determination of the duties or functions of your department. Only if the matter falls within your duties or functions and is one in which the administering of oaths is specifically authorized or is usual and customary, as where you are given authority to hold hearings, may an oath be administered. To hold otherwise would open the

door to unbridled, uncontrolled administering of oaths, a situation which, we believe, was not the intent or purpose of the legislature.

We are, therefore, of the opinion, and you are accordingly advised, that you may grant the power to your mine inspectors to administer oaths under such circumstances as you may designate, but only where you yourself would have that power, as outlined above. As to investigations, however, this power is restricted to cases involving a fatal accident.